UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LISA LOCKE aka<br>LISA DAVIS-LOCKE and LISA DAVIS,<br><br>Defendant. | Criminal No. 09-259 |

## MEMORANDUM OPINION AND ORDER

Currently before this Court are two motions filed by defendant Lisa Locke -- [95] a motion for an order to exempt the defendant from making payments toward her restitution until she is released from incarceration and [99] a motion to modify the restitution order, relying on 18 U.S.C. §§ 3664(k) and 3572(d)(3). For the reasons discussed below, these motions are **DENIED**.

In April 2010, Locke pled guilty to one count of possession of stolen mail matters and one count of aggravated identify theft. In September 2010, she was sentenced to a total of sixty months incarceration on both counts. The Court also ordered her to pay a $200 assessment and $120,530.08 in restitution due immediately. See Judgment, ECF No. 70 (Sept. 27, 2010); see also Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A (requiring restitution for certain crimes, including those committed by Locke). The Court indicated that restitution payments would be made through the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP") and that, upon release, Locke would pay the balance of restitution through monthly payments of no less than $100.00. See Tr. 54:1-15, ECF No. 92 (Sept. 23, 2010). No parties objected to any aspect of the restitution order. See Tr. 56:12 & 15-17. Locke appealed her sentence, and the D.C. Circuit affirmed the judgment of this Court. See United States v. Locke, 664 F.3d 353 (D.C. Cir. 2011).

The motion to exempt Locke from making restitution payments during her incarceration and the motion to modify the restitution order seek the same relief -- to suspend her restitution

payments until she is released.¹ In cursory fashion, Locke states that she is unable to satisfy her restitution payments because her earnings through the IFRP are insufficient. Mot. to Exempt ¶ 2; Mot. to Modify ¶ 6. The motion to exempt is silent on the statutory basis for Locke's request, but the motion for modification recites and relies on 18 U.S.C. §§ 3664(k) and 3572(d)(3). Both provisions allow the Court to adjust the payment schedule when the court is notified of a material change in a defendant's economic circumstances that may affect his or her ability to pay. However, § 3572(d)(3) is relevant only where there is "[a] judgment for a fine which permits payments in installments." Here, Locke requests modification of restitution payable "immediately," not a fine payable in installments.² See, e.g., United States v. Tovar-Valencia, 372 Fed App'x 459, 461 (5th Cir. 2010) (distinguishing between § 3572(d)(3), which applies to fines, and § 3664(k), which applies to restitution, and further finding § 3572(d)(3) inapplicable to fines "due immediately" as opposed to fines payable in installments). Indeed, Locke's reply abandons any reference to § 3572(d)(3) and refers only to § 3664(k). Accordingly, the Court will consider Locke's request with respect to the latter provision only.

---

¹ Locke has mailed several letters and "motions to amend" to this Court. These letters and self-styled "motions to amend" have been forwarded to Locke's counsel and seek the same relief requested in the filed motions; they need not be addressed further.

² Many circuits have found that a sentencing court unlawfully delegated its responsibility to set up a restitution payment plan, when the order stated that a payment was due "immediately" but where, "informally," the Probation Office or the Bureau of Prisons determined the payments to be made. See, e.g., United States v. Prouty, 303 F.3d 1249, 1255 (11th Cir. 2002) (rejecting a restitution order requiring "immediate" payment with an informal understanding that the probation office will set a payment schedule); United States v. Coates, 178 F.3d 681, 685 (3d Cir. 1999) (holding, "[l]ike most other federal appellate courts that have addressed the issue," that the fixing of restitution payments cannot be delegated to probation officer and indicating that same analysis applies with respect to the Bureau of Prisons). The D.C. Circuit has not decided the issue. However, it has observed that at least one other circuit distinguished between the Probation Office's authority to set the schedule of payments, and the Bureau of Prisons' authority to administer restitution payments made through the IFRP, which stemmed from executive rather than judicial authority. See United States v. Baldwin, 563 F.3d 490, 492 (D.C. Cir. 2009) (describing Seventh Circuit's decision in United States v. Sawyer, 521 F.3d 792, 794-96 (7th Cir. 2008)). Acknowledging a circuit split on the issue, the D.C. Circuit concluded that the district court did not commit "plain error" in its restitution order by allowing the Bureau of Prisons to schedule the payment of restitution during the defendant's incarceration. Id. at 491-92.

Section 3664(k) states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.[3]

Locke claims that the Bureau of Prisons has required her to pay $139.00 a month toward her restitution, and that her "monthly institution income" amounts to $23.00 a month. See Mot. to Modify ¶¶ 2-3. She contends that she only makes $5.25 a month while incarcerated and has "limited financial resources in that she does not have enough institutional earnings to pay restitution payments." Id. ¶ 6; Locke's Reply at 1. She further argues that monies deposited into her account by family members should not be used for restitution, because they were deposited for her use and "basic needs." Locke's Reply at 2.

These assertions are not persuasive. Locke has not provided any evidence or indication that there has been a change -- much less a material change -- in her economic circumstances that would impact her ability to pay restitution. Though Locke originally claimed in her motion to exempt that her family would no longer provide any financial support, her other submissions indicate that her mother has continued to deposit funds into Locke's prison account. Mot. to Modify at 2; Locke's Reply at 2.[4] And Locke does not contend that she is unable to pay her

---

[3] The Government represented in its opposition to Locke's motion to modify the restitution order that it has notified the victims who are owed restitution pursuant to 18 U.S.C. § 3664(k). See Gov't Opp'n at 1 n 1.

[4] Even if Locke were subsequently to argue that her family was unable to continue making deposits into her prison account, it is not clear that this information, standing alone, would be enough to constitute a material change. See, e.g., United States v. Vanhorn, 399 F.3d 884, 886 (8th Cir. 2005) (affirming district court's denial of modification under § 3664(k) to defendant who was diagnosed HIV-positive while incarcerated and rejecting defendant's argument that he needed to "save money" for medical treatments as a material change in his economic circumstances).

3

restitution. Rather, she only argues that her institutional earnings are insufficient and that funds provided by her family should be solely for her own use, not to repay victims of her crimes. These reasons are not sufficiently compelling to deprive the victims of the timely monetary obligations owed to them. See Hinton v. United States, 99-211, 2003 WL 21854935, at * 5 (D.D.C. Aug. 5, 2003) (rejecting request under § 3664(k) to modify restitution by observing that defendant's prison account may have "very few assets" but that "does not address the existence of any assets . . . in other accounts or locations"); United States v. Smith, 297 F. Supp. 2d 69, 71-72 (D.D.C. 2003) ("The purpose of the MVRA is, 'to the extent possible, to make victims whole, to fully compensate victims for their losses, and to restore victims to their original state of well-being.'") (citing United States v. Simmonds, 235 F.3d 826, 831 (3d Cir. 2000)). The Court's decision today does not preclude Locke from making a future request for modification under § 3664(k), provided that she can sufficiently demonstrate a viable reason for the modification. However, the reasons provided by Locke are unavailing at this time. Accordingly, given Locke's failure to demonstrate a material change as required by § 3664(k), it is hereby

**ORDERED** that [95, 99] the motions requesting suspension of Locke's restitution payments are **DENIED**.[5]

**SO ORDERED.**

/s
JOHN D. BATES
United States District Judge

Dated: April 9, 2012

---

[5] To the extent that Locke challenges her participation in the IFRP, or the payments she must make through that program, this court lacks jurisdiction to hear that claim because Locke is incarcerated at Federal Prison Camp Alderson in West Virginia. Courts have regularly found that the proper method for raising such a claim is through a petition brought under 28 U.S.C. § 2241, filed in the district where a defendant's sentence is being served. See, e.g., United States v. Savage, 11-2809, 2012 WL 666207, at * 2 (3d Cir. Mar. 1, 2012) (citing cases and stating that proper forum for reviewing petition brought under § 2241 was where defendant was incarcerated); McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) (same); United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009) ("All other circuits to look at this issue agree that prisoners challenging their IFRP payment plans must do so under § 2241."); Foster v. United States, 290 F. Supp. 2d 5, 9 n. 3 (D.D.C. 2010).